Argued May 19, affirmed July 19, reconsideration denied July 28, petition for review denied September 1, 1976

STATE OF OREGON, *Respondent,*

*v.*

WILLIAM LEE HALL, *Appellant.*

(No. 16-520, CA 5811)

552 P2d 272

*Paul J. DeMuniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

## FORT, J.

Pursuant to a complaint, defendant was charged and convicted by the Washington County District Court of tampering with a witness, ORS 162.285. On appeal he was tried and convicted by the circuit court of that county. On appeal to this court from the circuit court judgment he contends that the trial court erred in denying his motion to dismiss because of improper venue since the alleged acts constituting the witness tampering took place in Multnomah County rather than in Washington County.

ORS 162.285(1) defines the crime of tampering with a witness as follows:

"A person commits the crime of tampering with a witness if:

"(a) He knowingly induces or attempts to induce a witness or a person he believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or

"(b) He knowingly induces or attempts to induce a witness to absent himself from an official proceeding to which he has been legally summoned."

Defendant contends that since an accused need not succeed in influencing the witness in order to be guilty of witness tampering, no element of the alleged crime took place in Washington County and venue was improperly laid there.

As stated in ORS 162.285(1)(a), in order to commit the crime of witness tampering the defendant must attempt to influence a "witness or a person he believes may be called as a witness in any official proceeding * * *." In this case the required "official proceeding," namely, the trial of the defendant upon another charge, was to occur in Washington County.

In 1973 the Oregon State Legislature adopted a new Code of Criminal Procedure, which included certain revisions and consolidation of the former venue provisions. The new provisions are generally found at ORS

[ 19 ]

131.305 to 131.415. ORS 131.315 is entitled "Special provisions" and encompasses a dozen separate subsections, at least two of which are directly related to the case at bar.

ORS 131.315(1) provides:

"If conduct constituting elements of an offense or results constituting elements of an offense occur in two or more counties, trial of the offense may be held in any of the counties concerned."

ORS 131.315(8) provides:

"If the offense is an attempt or solicitation to commit a crime, trial of the offense may be held in any county in which any act that is an element of the offense is committed."

In its Commentary to ORS 131.315, the Criminal Law Revision Commission stated:

"[Subsection] (1) * * * of section 15 [now ORS 131.315, is] now covered by similar provisions in ORS 131.340.

"* * * * *

"* * * [Subsection] (8) * * * [is] new. * * *

"Oregon Constitution, Article I, § 11 provides, in part, that 'In all criminal prosecutions, the accusee shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed . . . .' However, this does not preclude the legislature from enacting statutes to provide for change of venue or for providing for a place of trial in those cases involving more than one county or where the county in which the crime occurred cannot reasonably be determined. The proposed sections are intended to establish comprehensive guidelines for handling such cases. On balance, they do not differ greatly from our existing rules although the language is new, and the sections are addressed more specifically to certain kinds of venue questions. * * *" Commentary, Proposed Oregon Criminal Procedure Code 15, §§ 14-25 (1972).

Here the defendant was charged in the Washington County complaint as follows:

"* * * [T]he above named defendant, William Lee

Hall, on the 20th day of March, 1975, in Multnomah County, Oregon, did unlawfully and knowingly attempt to induce Mary Lee Williams, a witness and a person whom the said defendant believed might be called as a witness in an official proceeding, to withhold testimony unlawfully, by threatening to kill her and by beating her because her name was on the indictment returned by the Washington County Grand Jury as a witness."

■■ We think it clear that the foregoing complaint stated facts alleging the crime of tampering with a witness under ORS 162.285(1). The "official proceeding" was in Washington County and thus an essential element of the crime, the existence and location of that official proceeding, of necessity occurred in that county. Thus under ORS 131.315, we conclude that venue of the crime charged might properly be laid in Washington County or in Multnomah County.

ORS 131.315(1) was intended to be similar to prior Oregon law. Commentary to §§ 14-25, Proposed Oregon Criminal Procedure Code, supra at 15. Statutes similar to Oregon's former statute, ORS 131.340,[1] have been interpreted to mean that venue may be laid in any county either in which the conduct constituting the crime occurred, or in which the results of the alleged acts were intended to occur. *Hill v. State,* 253 Ark 512, 487 SW2d 624, 632 (1972); *People v. Megladdery,* 40 Cal App 2d 748, 106 P2d 84, 98-99 (1940); *People v. Vario,* 165 Misc 842, 2 NYS2d 611 (Queens County Ct 1938). *See also: State v. Johnson,* 6 Or App 195, 487 P2d 115, Sup Ct *review denied* (1971).

Affirmed.

---

[1] ORS 131.340 (repealed Oregon Laws 1973, ch 836, § 358):

"When a crime is committed partly in one county and partly in another or when the acts or effects thereof constituting or requisite to the consummation of the crime occur in two or more counties, an action therefor may be commenced and tried in any of such counties."