Argued and submitted February 27, affirmed April 22, reconsideration denied June 26, petition for review denied August 24, 1987 (304 Or 56)

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL LEROY GRIMES,
*Appellant.*

(321775; CA A41687)

735 P2d 1277

Mark Kramer, Portland, argued the cause and submitted the brief for appellant.

Charlene Woods, Assistant Attorney General, Salem,

argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for prostitution. ORS 167.007(1)(b). The complaint alleged that he "did unlawfully and knowingly offer and agree to pay a fee to engage in sexual conduct," in violation of ORS 167.007(1)(b).[1] He asserts that the statute is unconstitutional, because it punishes protected speech.[2] He relies on Article I, section 8, of the Oregon Constitution.[3] We affirm.

Defendant correctly argues that the statute makes criminal an offer or agreement to engage in sexual conduct for a fee without requiring that there be any further action to carry out the offer or agreement. As such, the statute punishes speech. In *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982), the Supreme Court held that Article 1, section 8,

> "forecloses the enactment of any law written in terms directed to the substance of any 'opinion' or any 'subject' of communication, *unless the scope of the restraint is wholly confined within some historical exception* that was well established when the first American guarantees of freedom of expression were adopted and that the guarantees then or in 1859 demonstrably were not intended to reach." 293 Or at 412. (Emphasis supplied.)

The court specifically cited perjury, solicitation, verbal assistance in crime and their contemporary variants as examples of historical exceptions which those guarantees demonstrably were not intended to reach.

 At common law, a person was guilty of solicitation if

---

[1] ORS 167.007(1) provides:

"A person commits the crime of prostitution if:

"(a) The person engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee; or

"(b) The person pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact."

[2] Defendant assigned as error the trial court's overruling of his demurrer to the complaint and its refusal to give one of his requested instructions. Because both assignments raise the same issue, we consider them together.

[3] Article I, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

that person requested, commanded or importuned another to commit a felony or a serious misdemeanor. If the solicited person agreed to commit the crime, each party was guilty of conspiracy. Thus, solicitation and conspiracy could be committed by words alone. 4 Wharton, *Criminal Law* § 713 (14th ed, 1981). Like solicitation, conspiracy was a well established conventional crime when the first American guarantees of free expression were adopted, and those guarantees, as well as those of Article I, section 8, were not intended to reach it. *See* 2 Wharton, *Criminal Law* § 2287 (7th ed 1874).

■ ORS 167.007(1)(a) makes it a Class A misdemeanor to engage in sexual conduct for a fee. An agreement to do so would on its face be an illegal contract and would, therefore, be unenforceable. *Hendrix v. McKee,* 281 Or 123, 128, 575 P2d 134 (1978). Soliciting another person to engage in sexual conduct for a fee would violate ORS 161.435(1), the statutory solicitation provision, as well as be solicitation at common law. Making an agreement to do so would violate ORS 161.450(1), the statutory conspiracy provision, as well as be a conspiracy at common law. Neither voiding the contract nor convicting the actor would violate Article I, section 8; the statutory crimes are the contemporary variants of historical exceptions to the constitutional prohibition.

■ ORS 167.007(1)(b) does not make criminal any speech which is not already criminal under ORS 161.435(1) or ORS 161.450(1). The crucial consideration is whether the kind of speech the current statute prohibits is the kind of speech which pre-1859 criminal laws prohibited. *See State v. Romig,* 73 Or App 780, 787, 700 P2d 293, *rev den* 299 Or 663 (1985). The only differences are that a violation of ORS 167.007(1)(b) is a Class A misdemeanor, while a violation of one of the other provisions is, in this context, a Class B misdemeanor and that the legislature labeled the offense with which defendant is charged "prostitution" rather than "solicitation" or "conspiracy."[4] We conclude that the distinctions do not make a difference. What matters are not labels but substance. The speech which 167.007(1)(b) prohibits is identical to the

---

[4] A person may also violate ORS 167.007(1)(b) by paying a fee to engage in sexual conduct or sexual contact. The inclusion of this basis for the offense in the same subsection as the speech bases for the offense does not affect our analysis of the validity of the speech bases.

speech which other statutory or common law solicitation or conspiracy provisions penalize. It involves the same words, used in the same way, to further the same illegal purpose. The level of liability which the legislature chooses to attach to defendant's use of words does not affect whether it may make that use of words illegal. For these reasons, ORS 167.007(1)(b) fits within an historical exception to Article I, section 8,[5] which that provision demonstrably was not intended to reach.

Affirmed.

---

[5] Defendant emphasizes that prostitution was not, in itself, a common law offense nor was it made criminal by statute until this century. That is irrelevant. The applicable historical exception is for solicitation or conspiracy to commit an offense, not for the particular offense which is the subject of the solicitation or conspiracy.