Argued and submitted March 31, affirmed September 30, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## GERALD RAYMOND ALLEN,
*Appellant.*

(89C-20485, 85-5942, 88C-22354, 89C-22016;
CA A68720 (Control), A68737, A68738, A68739)
(Cases Consolidated)

838 P2d 633

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Karen Majcher Art, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant was tried and convicted in Marion County for conspiracy to commit aggravated murder. ORS 161.450. He argues that venue was proper only in Clackamas County because the evidence showed that he was in Clackamas County when he conspired by telephone with his co-defendant, who was in Marion County. We disagree and affirm.

Venue lies in the county "in which the conduct that constitutes the offense * * * occurred." ORS 131.305(1). However, venue can exist in more than one county "[i]f conduct constituting elements of an offense * * * occur[s] in two or more counties." ORS 131.315(1). If the offense is criminal conspiracy, venue is proper "in any county in which any act or agreement that is an element of the offense occurs." ORS 131.315(9). Defendant's argument that he must have been present physically in Marion County at the time he entered into the agreement for venue to be proper there is simply wrong. It is sufficient that

> "the actual occurrence of the acts or other events in the county of trial is part of the offense with which the defendant is charged." *State v. Roper*, 286 Or 621, 627, 595 P2d 1247 (1979).

The state established that the agreement constituting the conspiracy was made over the telephone while defendant was in Clackamas County and his co-defendant was in Marion County. The agreement over the telephone was the "actual occurrence of the acts or other events" that is part of the offense of conspiracy, and it occurred in both Clackamas and Marion Counties simultaneously. Venue was proper in Marion County. *See State v. Roper, supra*, 286 Or at 627 n 4.

Affirmed.