Argued and submitted March 30, affirmed May 24, 1995

STATE OF OREGON,
*Respondent,*

*v.*

ALAN AMBROSE PAGET,
*Appellant.*

(93CR1126; CA A81979)

896 P2d 1

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Stephanie S. Andrus, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Coyreen R. Weidner, Certified Law Student.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for unauthorized use of a vehicle. ORS 164.135(1)(c). He argues that the trial court erred in denying his motion for a directed verdict of acquittal because the state purportedly failed to prove venue. He also argues that the trial court erred in denying his motion to be accorded misdemeanor sentencing treatment. We affirm.

At trial, the state presented evidence that defendant rented an automobile from Polish Rentals in Coos County on March 20, 1993, for which no return date was agreed. Defendant then drove the automobile back to his home in Brookings in Curry County. On April 23, 1993, Polish Rentals contacted defendant, informed him that his insurance company was no longer paying for the rental and requested that he return the car on April 27, to which defendant agreed. Defendant did not return the car on that date, nor did he return the car over the next few weeks. Polish Rentals ultimately recovered the automobile on May 15 in Curry County.

The indictment under which defendant was convicted charges:

"The said defendant, on or about the 1st day of May, 1993, in Coos County, Oregon, did unlawfully and intentionally retain possession of a vehicle, to-wit: 1987 Plymouth, Oregon license #NXX932, owned by Polish Rentals, the said defendant having custody of said vehicle pursuant to an agreement with Polish Rentals whereby said vehicle was to be returned to Polish Rentals on April 27, 1993, said retention of possession being without the consent of the owner, Polish Rentals, for so lengthy a period beyond the specified time as to render such retention of possession a gross deviation from the agreement; contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Defendant does not argue that there is insufficient evidence from which the jury could find that he failed to return the vehicle as agreed. His narrow argument is that under ORS 164.135(1)(c), the act made unlawful by that statute is the act of unlawful retention. Therefore, defendant argues that the state did not prove venue in Coos County, because his possession in that county was lawful at all times.

ORS 131.305(1).[1] The state counters that the gravamen of ORS 164.135(1)(c) is the failure to return the car, and therefore, Coos County, where the car was to be returned, was the proper venue.

■       Our task on review is to determine what the legislature intended to be the conduct constituting the offense described in ORS 164.135(1)(c). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We begin that query by looking at the text and context of the statute. *Id*. at 610-11. If the legislature's intent is clear from the text and context, further inquiry is unnecessary. *Id*. at 611.

■       ORS 164.135 provides, in part:

"(1)   A person commits the crime of unauthorized use of a vehicle when:

"* * * * *

"(c)   Having custody of à vehicle, boat or aircraft *pursuant to an agreement with the owner thereof whereby such vehicle, boat or aircraft is to be returned to the owner at a specified time*, the person knowingly retains or withholds possession thereof without consent of the owner for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement." (Emphasis supplied.)

The statute does not make "unlawful retention" the sole element of the offense. Such an interpretation ignores the element of the terms of the agreement in the statute. The retention only becomes a criminal offense when the vehicle is not returned *to the owner* at the time specified by the agreement. Therefore, venue is appropriate in the county to which the agreement contemplates the vehicle will be returned.

Furthermore, the legislature, recognizing that there are situations where the elements constituting an offense may happen in more than one county, has enacted a statute that allows venue to be in any of the counties where an element of the offense occurs. ORS 131.315(1) provides:

---

[1] ORS 131.305(1) provides:

"Except as otherwise provided in ORS 131.305 to 131.415, criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred."

"If conduct constituting elements of an offense or results constituting elements of an offense occur in two or more counties, trial of the offense may be held in any of the counties concerned."

Thus, in this case, where one of the elements of the offense is the existence of an agreement specifying that the vehicle is to be returned to the owner in Coos County, venue was appropriate in that county.

Defendant also argues that the trial court erred in refusing his request for misdemeanor treatment when he was sentenced. Under ORS 161.705, the trial court had the option to enter judgment for conviction of defendant's Class C felony as a Class A misdemeanor. Defendant argues that the trial court refused to grant defendant's motion because it wanted to punish him for going to trial instead of accepting a plea bargain. However, he did not challenge the court's ruling on that basis below, and we will not address his argument for the first time on appeal.

Affirmed.