Argued and submitted December 12, 2008, affirmed July 29, petition for review denied September 17, 2009 (347 Or 43)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHN JAMES LYNCH,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0602036; A136326

213 P3d 853

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted in Clackamas County Circuit Court of four counts of bribe giving. ORS 162.015. He appeals, arguing that the trial court erred in failing to grant his motion for a judgment of acquittal on the grounds that the state failed to establish venue and the element of intent. We affirm.

In reviewing the denial of defendant's motion for a judgment of acquittal, we examine the record in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Viewed under that standard, the record establishes the following facts.

Margaret Yochem was the City of Canby's Transit Director. In that capacity, she was authorized to bind the city to contracts of up to $15,000 without receiving competitive bids. Defendant was the executive director of Oregon Housing and Associated Services (OHAS), a company that provided bus drivers and support personnel for the city's public transportation system. OHAS's contract with the city was up for renewal in 2006. Defendant also owned a private consulting firm known as 21st Century Lubricants. Defendant and Yochem were personal acquaintances.

In January 2004, the Oregon legislature established the Business Energy Tax Credit. Under that program, the Oregon Department of Energy began to offer municipalities monetary incentives to develop energy conservation facilities with private business partners. *See* ORS 469.185 - 469.228; ORS 315.354; ORS 315.356; OAR 330-090-0105 - 330-090-0150.

In April 2004, defendant's consulting business, 21st Century Lubricants, entered into a contract with the city to develop a plan that would allow the city to benefit from the business energy tax credits. Yochem negotiated the contract for the city. The contract term was April 1 to June 30, 2004. Defendant was to be compensated for his services by payment of 10 percent of any payment the city received from

the state in connection with its pass-through of the business tax credit.

In May or June 2004, after defendant had performed substantial work on the first contract but before he had been paid, defendant and Yochem met at an Oregon City restaurant. Yochem asked defendant whether he would be willing to share his compensation with her. Defendant agreed to pay Yochem 30 percent of his compensation from the city. He was concerned that, if he did not share his fee with Yochem, he might not be compensated for the work he had already completed.

The city renewed its contract with defendant three times. Defendant billed the city for his services in November 2004, January 2005, September 2005, and January 2006. The city paid defendant by check. Defendant, in turn, wrote checks on 21st Century Lubricants' account to Yochem for the agreed-to kickbacks, which defendant viewed as a business expense to 21st Century Lubricants, analogous to a "finder's fee."

In August 2006, Yochem asked defendant for assurances that he would not publicly disclose their arrangement and told him that, if he did not agree to keep the arrangement secret, he would not be paid for his work under the most recent personal service contract for a long time.

After that, defendant reported Yochem to the Government Standards and Practices Commission and to law enforcement officials. In an interview with Clackamas County Sheriff's Office detectives, defendant explained that he had agreed to make the payments to Yochem because "seventy percent of something is better than zero percent of nothing." He told the interviewer that he had told Yochem that he might publicly disclose their arrangement if she did not renew the city's contract with OHAS. He showed detectives copies of cancelled checks paid to Yochem by 21st Century Lubricants.

Defendant was charged with bribe giving under ORS 162.015, which provides:

"A person commits the crime of bribe giving if the person offers, confers or agrees to confer any pecuniary benefit

upon a public servant with the intent to influence the public servant's vote, opinion, judgment, action, decision or exercise of discretion in an official capacity."

The indictment alleged that on four different occasions—the dates of each of four checks made out to Yochem—defendant "did unlawfully and knowingly confer a pecuniary benefit to [Yochem], a public servant, with the intent to influence the public servant's action and exercise of discretion in an official capacity."

At trial, defendant moved for a judgment of acquittal on the grounds that the state had failed to establish venue in Clackamas County and had failed to establish that defendant acted with the intent to influence Yochem. The trial court denied the motion, and defendant was found guilty on all four counts.

On appeal, defendant assigns error to the trial court's failure to grant his motion for a judgment of acquittal, both because the state failed to establish venue and because the state failed to prove the element of intent.

We begin with the issue of venue. Article I, section 11, of the Oregon Constitution provides that a criminal defendant is entitled to trial "in the county in which the offense shall have been committed." ORS 131.305(1) provides that venue is proper "in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." Venue is not an element of the offense, but is a material allegation that the state must prove beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 123, 125, 873 P2d 316 (1994). The state may establish venue by showing that at least one essential element of a charged offense occurred in the county in question. *State v. Paget*, 134 Or App 476, 479-80, 896 P2d 1, *rev den*, 321 Or 397 (1995). The state may meet that burden by direct evidence or by inferences drawn from circumstantial evidence. *Cervantes*, 319 Or at 125-26.

The elements of the offense of bribe giving are (1) offering, conferring, or agreeing to confer any pecuniary benefit; (2) on a public servant; (3) with an intent to influence the public servant's "vote, opinion, judgment, action, decision

or exercise of discretion in an official capacity." ORS 162.015. Thus, the question for us is whether there is evidence from which a rational trier of fact could find that at least one of those elements occurred in Clackamas County.

Defendant contends that, because he was charged with conferring a pecuniary benefit on Yochem, the state was required to show that the benefit was conferred in Clackamas County. In defendant's view, the only evidence that he conferred a benefit on Yochem was the checks that he delivered to her, and there was no evidence about *where* the delivery occurred. Accordingly, defendant argues, the state failed to establish that he conferred a benefit on Yochem in Clackamas County.

The state contends that, regardless of where any benefit was conferred, venue may be established by showing where other elements of the offense took place. In this case, the state argues, the evidence that the benefit was conferred on Yochem, a public servant who was an employee of the City of Canby and who made her decisions to continue doing business with defendant in Clackamas County, was sufficient.

In that regard, the state relies on *State v. Hall*, 26 Or App 17, 552 P2d 272 (1976). In *Hall*, the defendant was charged with witness tampering in Washington County. At the time, ORS 162.285(1)—the statute defining the offense—provided:

"A person commits the crime of tampering with a witness if:

"(a)  He knowingly induces or attempts to induce a witness or a person he believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or

"(b)  He knowingly induces or attempts to induce a witness to absent himself from an official proceeding to which he has been legally summoned."[1]

The defendant asserted that the state had failed to establish venue, because the actual act of tampering took place in

---

[1] ORS 162.285 has since been amended in ways that do not affect this case. Or Laws 1979, ch 231, § 1.

Multnomah County. The court explained that an essential element of the offense of tampering was the existence and location of an official proceeding. Having established the existence of the proceeding in Washington County, the court reasoned, the state had established venue either in Washington County, where the official proceeding was pending, or in Multnomah County, where the tampering had occurred. *Hall*, 26 Or App at 21.

In this case, the state contends, an essential element of the offense of bribe giving is the bribery of a "public servant" with the intent "to influence the public servant's vote, opinion, judgment, action, decision, or exercise of discretion in an official capacity." That, the state argues, is closely analogous to the element in *Hall* of the existence of a public proceeding in which the witness with whom the defendant has tampered is expected to testify.

We agree. Whether or not the state showed where defendant delivered the checks to Yochem is not controlling. Offering, conferring, or agreeing to confer a benefit is only one of several elements of the offense of bribe giving. Other elements include the facts that defendant has offered, conferred, or agreed to confer such a benefit on a "public servant with the intent to influence the public servant's vote, opinion, judgment, action, decision or exercise of discretion in an official capacity." ORS 162.015. In this case, it is undisputed that the state proved that Yochem was a public servant and that she made the decisions relevant to this case in Clackamas County.

In that regard, the analogy to *Hall* is apt, as the state suggests. As in *Hall*, where venue was proper in the place where the public proceeding was pending, in this case, venue is proper in the place where the public servant acts in her official capacity. The gist of the offense of bribe giving "is an effort to secure an improper advantage in the judicial, administrative or legislative decision-making process." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 181, 180 (July 1970). Allowing for venue in the location where the defendant intends to influence the public decision addresses that purpose. We therefore conclude that, on this

record, the evidence is sufficient to satisfy the state's burden to establish venue in Clackamas County.

We turn to defendant's contention that the state failed to prove the element of intent to influence Yochem's decision to continue doing business with defendant. As we have noted, it is not disputed that Yochem was a public servant within the meaning of ORS 162.015. The cancelled checks are sufficient to establish that defendant conferred a benefit on Yochem. Further, defendant's description of his conversation with Yochem at the Oregon City restaurant and his description to detectives of his motivation for agreeing to the payments ("seventy percent of something is better than zero percent of nothing") were sufficient to allow the inference that defendant paid Yochem with the intent to influence her to continue the contractual arrangement with defendant. We therefore conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal on that ground.

Defendant advances other arguments, which we reject without discussion.

Affirmed.