Submitted August 26, 2010, affirmed April 27, petition for review denied
October 20, 2011 (351 Or 254)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREA RENE HARRIS,
*Defendant-Appellant.*

Washington County Circuit Court
D084001M; A141051

256 P3d 156

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Kristen G. Williams, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant was convicted of prostitution. ORS 167.007(1)(a). She appeals from the resulting judgment, arguing that the state failed to prove venue and that, as a result, the trial court erred in denying her motion for judgment of acquittal (MJOA). This case turns on whether it can be said that defendant committed an element of prostitution in Washington County when she offered or agreed over the telephone to provide sexual services for a fee to a police officer who was located in Washington County, despite the fact that defendant herself was not physically present in Washington County at the time of the telephone call. We affirm.

The facts are undisputed. Defendant placed an advertisement in the erotic services section of a website. An officer with the Tigard Police Department in Washington County, while conducting a prostitution investigation, called the telephone number provided in the advertisement and spoke with defendant. At the time of the telephone conversation, defendant was located in Multnomah County and the officer was located in Washington County. During the call, defendant offered and agreed to provide sexual services for a fee, and the officer arranged for defendant to meet him in Washington County. When defendant arrived at the agreed-upon location, the officer arrested her for prostitution.

■ Defendant was charged with misdemeanor prostitution in Washington County. She waived her right to a jury trial and tried her case to the court. At the close of the state's case, defendant sought an MJOA, arguing that the state had failed to prove venue in Washington County because the crime occurred in Multnomah County. The trial court denied defendant's motion, found her guilty of prostitution, and entered judgment. In denying the MJOA, the court reasoned:

> "[W]hen you offer to exchange sex for money over a telephone and the telephone carries your voice to another county, then the elements have occurred in two counties, and under the venue statute the case can be tried in either county."

Article I, section 11, of the Oregon Constitution guarantees a criminal defendant the right to a trial "in the

county in which the offense shall have been committed[.]" Venue is a "material allegation of the indictment that must be proven beyond a reasonable doubt."[1] *State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994). The general venue statute provides that, "criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred." ORS 131.305(1). In addition, a special venue provision provides that "[i]f conduct constituting elements of an offense or results constituting elements of an offense occur in two or more counties, trial of the offense may be held in any of the counties concerned." ORS 131.315(1).

 Generally, "[f]or purposes of establishing venue, it is sufficient that at least one essential element of a charged offense occurred in the county in question." *State v. McMillan*, 199 Or App 408, 412, 111 P3d 1154 (2005). Accordingly, venue is dependent on the criminal statute at issue in each case. Under ORS 167.007(1)(a), a person commits prostitution if "[t]he person engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee[.]" The prostitution statute, therefore, criminalizes an offer or agreement to engage in sexual conduct for a fee "without requiring that there be any further action to carry out the offer or agreement." *State v. Grimes*, 85 Or App 159, 161, 735 P2d 1277, *rev den*, 304 Or 56 (1987). Here, for venue to be proper in Washington County, the state was required to prove beyond a reasonable doubt that an element of the criminal conduct at issue—in this case, the offer or agreement to provide sexual services for a fee—occurred in Washington County.

Defendant argues that venue is proper only in Multnomah County, because the prostitution statute criminalizes unilateral conduct that can occur only where the defendant is physically located. She explains that she committed the offense over the telephone when she offered and agreed to provide sexual services for a fee and that, because

---

[1] The state contends that Oregon courts should cease to treat venue as a material allegation that the state must prove at trial, but instead should treat it as a waiveable constitutional right associated with the place of trial. We reject that argument without further discussion. *See State v. Cervantes*, 319 Or 121, 123, 873 P2d 316 (1994).

the prosecution statute is focused solely on the act of the person charged, that "agreeing" occurs only where a defendant is physically located. Accordingly, defendant challenges the trial court's ruling that the electronic transmission of defendant's voice meant that the agreement or offer, and thus the crime of prostitution, simultaneously occurred in both Washington County and Multnomah County.

The state contends that venue is proper in Washington County because defendant's agreement or offer to perform sexual services for a fee occurred in both Washington County and Multnomah County.[2] The state maintains that defendant "transmitted" her offer and agreement from Multnomah County to Washington County via telephone and, in doing so, committed an element of prostitution in Washington County.

No prior Oregon case squarely addresses this issue. Both parties cite to *State v. Allen*, 115 Or App 347, 838 P2d 633 (1992), *rev den*, 317 Or 584 (1993), in which the defendant, while located in Clackamas County, conspired on the telephone with his codefendant, located in Marion County, to commit aggravated murder. 115 Or App at 349. The defendant was tried and convicted in Marion County and argued that venue was proper only in Clackamas County because that was where he was located when he conspired by telephone with his codefendant. We disagreed, holding that the defendant did not need to be physically present in Marion County at the time he entered into the conspiracy. We noted that, where the charged offense is criminal conspiracy, ORS 131.315(9) provides for venue "in any county in which any act or agreement that is an element of the offense occurs." *Id.* Because the state established that the agreement that constituted the conspiracy was made over the telephone, and that agreement was the "actual occurrence of the acts or other events" that was an element of criminal conspiracy, an essential element of the offense occurred in Clackamas County and Marion County simultaneously.

---

[2] Among its other arguments, the state contends that the online advertisement constituted an offer to the officer located in Washington County. The trial court rejected that argument, concluding that the advertisement was not a crime, presumably because the advertisement did not explicitly offer sex for money. The state does not cross-assign error to that ruling, and we need not consider it here.

Defendant contends that *Allen* is inapposite, given that the crime of conspiracy requires that two or more parties reach an agreement and that the agreement of a coconspirator is therefore an element of the offense committed by the defendant in a conspiracy case. Here, by contrast, defendant unilaterally made an offer and "attempted to enter into an agreement in Multnomah County," and the police officer's "representations" over the telephone were not an element of prostitution. According to defendant, her physical location at the time of the telephone conversation is the only proper consideration for venue purposes. The state recognizes that *Allen* does not control this case, but asserts that it is helpful to our analysis, arguing that, because a telephone conversation simultaneously occurs in any county in which the participants are located, *Allen* supports the conclusion that any offer or agreement that violates ORS 167.007(1)(a) occurs where either participant is located.

*Allen* is not controlling given that the circumstances and the elements of the crime at issue in *Allen* fundamentally differ from those implicated by the prostitution statute. ORS 167.007(1)(a) criminalizes engaging in, offering, or agreeing to engage in sexual conduct or contact for a fee. There is no dispute in this case that defendant offered or agreed to engage in sexual conduct or contact for a fee; the only dispute is where that offer or agreement occurred. Therefore, we must examine the language of the statute to determine the answer to that question.

"Offer," as used in the context of ORS 167.007(1)(a) means "to present for acceptance or rejection : hold out : TENDER, PROFFER, * * * to bring or put forward for action or consideration : PROPOSE, SUGGEST[.]" *Webster's Third New Int'l Dictionary* 1566 (unabridged ed 2002). To "agree" is "to indicate willingness : CONSENT * * * to give assent : express approval : ACCEDE[.]" *Id.* at 43. The definitions of both "offer" and "agree" contemplate the presence and participation of another party in the completed commission of each act. That is, although the act of making an offer may technically require only unilateral conduct by the person making the offer, that offer must be made to someone or to a class of persons. Similarly, as used in ORS 167.007(1)(a), the act of agreeing requires at least two persons.

Given the meaning of "offer" and "agree" in the context of ORS 167.007(1)(a), for venue purposes an offer or agreement transmitted over the telephone is occurring simultaneously where the parties to the conversation are located. Accordingly, we conclude that when an offer to provide sexual services for a fee is communicated to a person in another county by telephone, venue is proper in the locations where the parties to the conversation are located. Similarly, when a defendant agrees over the telephone to provide sexual services for a fee, venue is proper in the county in which either of the parties to the conversation is located.

Affirmed.