No. 311 April 22, 2026 579

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARCUS ESA PAUL,
*Defendant-Appellant.*

Washington County Circuit Court
22CR36216; A180290

En Banc

Oscar Garcia, Judge.

On appellant's petition for reconsideration filed December 10, 2025. Opinion filed December 3, 2025. 345 Or App 348 (2025). Resubmitted en banc January 22, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, for petition.

Before Lagesen, Chief Judge, Ortega, Egan, Tookey, Shorr, Aoyagi, Powers, Kamins, Pagán, Joyce, Hellman, Jacquot, and O'Connor, Judges.

SHORR, J.

Reconsideration allowed; former disposition withdrawn; former majority opinion modified and adhered to as modified; conviction on Count 1 vacated and remanded; conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

Shorr, J., filed the opinion of the court in which Lagesen, C. J., Ortega, Egan, Powers, Joyce, Hellman, Jacquot, and O'Connor, JJ., joined.

Aoyagi, J., concurred in part and dissented in part and filed an opinion in which Tookey, Kamins, and Pagán, JJ., joined.

**SHORR, J.**

Defendant petitions for reconsideration of our decision in *State v. Paul*, 345 Or App 348, 583 P3d 1045 (2025). We allow defendant's petition and amend our opinion in the ways explained below.

At the outset, we correct our opinion to reflect that the guilty verdicts on Counts 4 and 5 merged with the verdict on Count 3 and defendant was convicted of a single count of first-degree criminal mistreatment. Accordingly, the first sentence of the opinion, *id.* at 350, is amended to state, in relevant part, that defendant was convicted of "one count of first-degree criminal mistreatment, ORS 163.205 (Count 3; Counts 4 and 5 merged with Count 3)." We also amend the last sentence in Section I, *id.* at 362, to state: "Accordingly, we reverse and remand the first-degree criminal mistreatment conviction." Our amendment to the tagline below also reflects this correction.

Next, we turn to defendant's assertion that our opinion contained a factual error upon which we based our decision to affirm the trial court's denial of defendant's motion to change venue. Specifically, defendant challenges the following sentence:

> "The parties agree that defendant's last known address was in Washington County and, based on the record and assumed facts at the time of the venue hearing, the court could find that defendant stole the car in Washington County."

*Id.* at 362-63.

After reviewing the record, we agree that that sentence contains a misstatement. The parties did not "agree" that defendant's last known address was in Washington County. Rather, the prosecutor represented that defendant's last known address was in Washington County, and defendant did not dispute that representation. Accordingly, we delete the sentence quoted above, including footnote five, and replace it with the following:

> "At the venue hearing, the prosecutor represented to the trial court that defendant's last known address was in Washington County, and defendant did not dispute that

representation. Based on the record and assumed facts at the time of the hearing, the parties agree that the court could find that defendant stole the car in Washington County."

We also delete the last paragraph in Section II, *id.* at 363-64, and replace it with the following:

"At the venue hearing, the state argued that venue was proper on several grounds. The record is not clear as to which grounds the court relied upon, but of those various grounds, on appeal, the state only reprises their argument that venue was proper under ORS 131.325. The pretrial record reflects that there was uncertainty as to where an essential element of the crimes of second-degree kidnapping and first-degree criminal mistreatment occurred. However, although the state made an unchallenged assertion that defendant resided in Washington County, the state did not present evidence of defendant's place of residence. At the hearing, both parties litigated the issue of venue entirely based on the law and presumed facts. Defendant did not object to that procedure, nor did defendant raise any factual challenge at the hearing.

"Prior to the venue hearing, the state had filed with the trial court defendant's criminal history record as a confidential exhibit to another motion. The criminal record listed an address for defendant in Tualatin. Given the facts in the record at the time of the venue hearing, defendant's lack of response to the prosecutor's representation as to defendant's county of residence, the lack of clarity as to the grounds for the court's ruling, and defendant's lack of reply to the state's appellate argument regarding venue, we believe it is appropriate to remand this matter to the trial court for a new venue hearing on the kidnapping and criminal mistreatment charges. *See, e.g.*, *State v. Blair*, 361 Or 527, 541-42, 396 P3d 908 (2017) (vacating and remanding where the record was not clear on a dispositive factual issue and we could not presume the court found that fact consistently with its ultimate conclusion because it was not apparent that the trial court understood the required factual inquiry); *State v. Shaw*, 317 Or App 746, 751, 507 P3d 280 (2022) (vacating and remanding for a new evidentiary hearing under similar circumstances to *Blair*). On remand, the trial court will have the opportunity to make all necessary factual findings and, if it once again determines that

venue is proper in Washington County, clarify its reasoning for and on which statutory basis or bases it makes that determination."

Finally, the changes noted above affect the result of our opinion and its tagline. We therefore delete the concluding sentence at the end of the first paragraph of the opinion that stated: "We reverse and remand the first-degree criminal mistreatment convictions, based on his first assignment of error, and otherwise affirm." *Paul*, 345 Or App at 350. We also delete the tag line at the end of the opinion that reaches the same result. *Id.* at 366. The proper result here is to reverse and remand the first-degree criminal mistreatment conviction, vacate the kidnapping conviction, remand for resentencing, and otherwise affirm. Therefore, we add the following passage at the conclusion of the opinion:

"The effect of Section III of our opinion would be to affirm the conviction on defendant's second-degree kidnapping if venue is proper in Washington County. However, it is not yet resolved whether venue was proper in Washington County and, as a result, we vacate the kidnapping conviction pending further proceedings on the venue issue on remand. If defendant does not challenge venue on remand or if the trial court concludes that the state has met its burden of establishing venue in Washington County, the judgment of conviction for second-degree kidnapping must be reinstated. *State v. Mills*, 354 Or 350, 374, 312 P3d 515 (2013). Our reversal of the criminal mistreatment conviction means that defendant will receive a new trial on those charges in Washington County if venue is determined to be proper there. If the trial court determines that venue is not proper in Washington County, then any further criminal prosecution for kidnapping or criminal mistreatment will need to occur in Clackamas County.

"Conviction on Count 1 vacated and remanded; conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed."

Reconsideration allowed; former disposition withdrawn; former majority opinion modified and adhered to as modified; conviction on Count 1 vacated and remanded; conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

**AOYAGI, J.,** concurring in part and dissenting in part.

In my original separate opinion, my discussion of the venue issue was limited to a single line: "I fully agree with the majority's analysis of the venue issues." *State v. Paul*, 345 Or App 348, 375 n 6, 583 P3d 1045 (2025) (Aoyagi, J., concurring in part and dissenting in part). The majority has now granted reconsideration of the venue holdings and, as a result, changed its disposition on both the kidnapping charge (Count 1) and the criminal mistreatment charges (Counts 3, 4, 5). That necessarily requires me to revisit the venue issues as well and decide whether to join in the revised parts of the majority opinion. For the reasons explained below, I join in the decision to grant reconsideration, and I concur with the new disposition on the kidnapping conviction, but I dissent as to the criminal mistreatment conviction because I would still affirm that conviction even after reconsideration on the venue issue.

*Decision to grant reconsideration.* I agree with the majority that it is appropriate to grant reconsideration and therefore join in the decision to grant reconsideration. I also agree with the revisions made to the majority opinion to more accurately describe the record and the arguments made at the pretrial venue hearing.

*Kidnapping conviction.* I understand the majority to be vacating defendant's kidnapping conviction and remanding for a new venue hearing at which the parties may develop a better record regarding defendant's county of residence and more generally revisit the issue of venue and the legal requirements for venue. If venue is proper, the kidnapping conviction will be reinstated; if not, then any further criminal prosecution would need to occur in Clackamas County. Although it is unusual to remand for relitigation of the venue issue, I understand the majority's reasoning for doing so in these specific circumstances, and I am sufficiently persuaded. I therefore concur with the part of the majority opinion on reconsideration that vacates the kidnapping conviction and remands for a new venue hearing as relevant to that charge. Otherwise, my view on the kidnapping charge remains as expressed in my original separate

opinion. *See id*. (Aoyagi, J., concurring in part and dissenting in part).

*Criminal mistreatment conviction.* I understand the majority to be reversing and remanding the criminal mistreatment conviction, with a new venue hearing to be held on remand, after which either defendant will receive a new trial on Counts 3, 4, and 5 in Washington County if venue is proper or, if venue is improper, any further criminal prosecution would need to occur in Clackamas County. I dissent from that portion of the majority opinion on reconsideration. That is because, even after reconsideration of the venue issue, I would affirm the criminal mistreatment conviction.

For the reasons described in my original separate opinion, I concur with the majority in affirming the denial of defendant's motion for a judgment of acquittal on the criminal mistreatment charges, *id*. at 366 (Aoyagi, J., concurring in part and dissenting in part), and, unlike the majority, I would hold that the instructional error as to the mental state requirement for the assumption-of-care element was harmless on this record, *id*. at 374-75 (Aoyagi, J., concurring in part and dissenting in part). As for venue, on reconsideration, I would conclude that Washington County was a proper venue for the criminal mistreatment counts because an essential element of the offense—the assumption of care—took place in Washington County. *See State v. Harris*, 242 Or App 438, 441, 256 P3d 156, *rev den*, 351 Or 254 (2011) ("Generally, '[f]or purposes of establishing venue, it is sufficient that at least one essential element of a charged offense occurred in the county in question.'" (Quoting *State v. McMillan*, 199 Or App 408, 412, 111 P3d 1154 (2005); brackets in *Harris*.); *State v. Lynch*, 230 Or App 23, 27, 213 P3d 853, *rev den*, 347 Or 43 (2009) ("The state may establish venue by showing that at least one essential element of a charged offense occurred in the county in question."); *State v. Paget*, 134 Or App 476, 479-80, 896 P2d 1, *rev den*, 321 Or 397 (1995) (similar). Recall that, unlike the majority, my view is that the assumption of care took place in the parking lot when defendant stole the van, not on the highway when he noticed the baby. *See Paul*, 345 Or App at 375 (Aoyagi, J., concurring in part and dissenting in part). It is undisputed

that the parking lot is in Washington County.[1] Under my view of the offense, there is no reason to revisit the venue issue as to the criminal mistreatment charges, so I dissent from that part of the majority opinion on reconsideration. I would still affirm the criminal mistreatment conviction.

In sum, I join in the majority's decision to grant reconsideration, and I concur with the new disposition on the kidnapping charge, but I dissent from the new disposition on the criminal mistreatment charges.

Tookey, Kamins, and Pagán, JJ., join in this concurrence in part and dissent in part.

---

[1] To the extent that an argument could possibly be made that the assumption-of-care element is not relevant to venue as a circumstance element—*see* ORS 131.305(1) ("Except as otherwise provided in ORS 131.305 to 131.415, criminal actions shall be commenced and tried in the county in which the conduct that constitutes the offense or a result that is an element of the offense occurred.")—defendant has not made that argument on appeal. To the contrary, in his opening brief, defendant describes the law as providing that "[t]he state may establish venue by showing that at least one essential element of a charged offense occurred in the county in question."